## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIKO MARTIN, #104396, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-01942-JPG |
| | ) | |
| ANDREW D. MOSIER, | ) | |
| DHEERAH TARANATH, | ) | |
| TREY BERGMAN, | ) | |
| SHAWN MILLER KRAASZ, | ) | |
| and TALEAH JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Miko Martin's Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 on March 16, 2026. (Doc. 16). Plaintiff brings claims for inadequate treatment of a broken right hand and wrist at Madison County Jail. He seeks medical care[1] and money damages. *Id.* The Second Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to screen prisoner complaints and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from immune defendants. *See id.*

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 16, pp. 6-10): Plaintiff was involved in a traffic accident that resulted in his arrest and pretrial detention

---

[1] Because Plaintiff does not seek a temporary restraining order (TRO) or preliminary injunction or refer to FED. R. CIV. P. 65, which governs both, this request is construed as one for permanent injunctive relief *at the close of the case.* If Plaintiff seeks relief during the pending action, he may file a Motion for TRO and/or Preliminary Injunction under Rule 65(a) or (b). He should support the motion with an affidavit or declaration describing the exact relief he requires and the facts that support his request for relief.

1

at Madison County Jail on July 3, 2025. *Id*. at 6. When he arrived at the Jail, Plaintiff notified Dr. Andrew Mosier that he was suffering from pain associated with a broken right hand and wrist. *Id*. at 11. Dr. Mosier diagnosed his injuries and assured him that he would receive treatment. *Id*.

Sometime thereafter, Plaintiff met with Dr. Dheerah Taranath. *Id*. at 7. He complained of ongoing pain associated with his untreated injuries. Dr. Taranath indicated that he would receive medical care later, but took no further action to treat him. *Id*.

Plaintiff filed a grievance to complain about his untreated right hand and wrist injuries on August 29, 2025. Nurse Trey Bergman responded and explained that Plaintiff received an orthopedic referral, but he was awaiting an appointment date. *Id*. at 7, 11. Plaintiff complained to Nurse Bergman several more times when no appointment was scheduled. Each time, Nurse Bergman said he would be treated later or ignored his complaints. *Id*.

Plaintiff met with and discussed his injuries repeatedly with Nurse Shawn Miller Krassz. *Id*. at 7-8. Plaintiff reported that he was still waiting for treatment. Nurse Krassz took no action to help him secure medical care for his injuries. *Id*. at 8.

Plaintiff also met with Nurse Taleah Jackson to discuss his injuries and request treatment. *Id*. He complained of his ongoing pain. Nurse Jackson indicated that Plaintiff should wait for further treatment.

In the eight months after he sustained his right hand and wrist injuries, Plaintiff endured ongoing pain without receiving any treatment for his injuries. *Id*. at 9.

### Discussion

The Court designates the following claim in the *pro se* Second Amended Complaint:

**Count 1:** Fourteenth Amendment claim against Defendants for denying Plaintiff medical care for his right hand and/or wrist injuries during his pretrial detention at Madison County Jail beginning on July 3, 2025.

**Any other claim mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Iqbal* and *Twombly*.**[2]

A pretrial detainee bringing a claim of inadequate medical care under the Fourteenth Amendment Due Process Clause must set forth allegations demonstrating that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with his medical treatment for an objectively serious condition, and the challenged conduct was objectively unreasonable based on the "totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). Plaintiff's broken hand and wrist are sufficiently serious to support a claim at this stage, and the allegations suggest that each individual defendant was aware of his injuries and pain but took no steps to treat him. Count 1 survives screening against all defendants, in their individual capacities, and against the Madison County Jail Administrator, in an official capacity, based on the request for injunctive relief in the Second Amended Complaint.

### Disposition

The Second Amended Complaint (Doc. 16) survives screening. **COUNT 1** will proceed against **ALL DEFENDANTS**, in their individual capacities. Because Plaintiff seeks injunctive relief, the Court hereby **ADDS** the **MADISON COUNTY JAIL ADMINISTRATOR**, in an official capacity only, as a defendant.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **ANDREW D. MOSIER, DHEERAH TARANATH, TREY BERGMAN, SHAWN MILLER KRAASZ,** and **TALEAH JACKSON, in their individual capacities,** and **MADISON COUNTY JAIL**

---

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

**ADMINISTRATOR, in an official capacity**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 16), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint (Doc. 16) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **The Madison County Jail Administrator need not answer but must appear in this matter. Pursuant to Local Rule 8.2, all other defendants must appear and respond only to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

4

independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to ADD the MADISON COUNTY JAIL ADMINISTRATOR (official capacity only) as a defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED**.

**DATED: 4/14/2026**

**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Second Amended Complaint.  After service has been achieved, the defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the Answers, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel files an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.